**Jonathan ENEANYA Appellant,**

v.

**John ASHCROFT, Attorney General of the United States, et al.**

No. 02–3248.

United States Court of Appeals, Third Circuit.

Submitted Feb. 26, 2004.

Decided March 2, 2004.

**810**

Daniel I. Siegel, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Linda S. Wernery, Thankful T. Vanderstar, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Appellees.

Before RENDELL, BARRY, and BECKER, Circuit Judges.

## OPINION

BECKER, Circuit Judge.

Petitioner Jonathan Eneanya appeals from an order of the District Court denying his petition for a writ of habeas corpus challenging an order of removal and deportation. The District Court concluded that Eneanya had not satisfied his burden of proving that the former Immigration and Naturalization Service ("INS") had violated his due process rights by coercing his former wife to withdraw her visa petition filed on behalf of her then-husband Eneanya. The factual background of this case is detailed, but it is set forth in the District Court's decision, hence we need not set it forth here. On appeal, Eneanya's argument is new. As is set forth in his brief:

> The district court found, as a matter of fact, that "on January 10, 1987, Andrew Eneanya was born to Jonathan and Katherine Eneanya." (App.56, D.C.Opinion, par. 38). The birth of a child is the strongest possible evidence of the existence of a bona fide marital relationship. Given that the marriage produced a child, it is submitted that the INS acted irrationally and in contravention of due process when it found that the bona fides of the marriage were not proven (App.56, par. 39). For this reason, the order of the district court should be reversed, and the INS should be directed to readmit the petitioner to the United States.[1]

What is dispositive here is the precept of waiver. Eneanya has waived any challenge to the District Court's decision (i.e., that he failed to prove by a preponderance of the evidence that an immigration officer coerced his wife into withdrawing her visa petition on his behalf in violation of his due

---

1. As this statement suggests there were serious questions about the bona fides of the marriage. We also note the self-evident dubiousness of the due process claim.

process rights) because he has not challenged that decision and instead has raised an entirely separate issue on appeal to this Court, namely, whether the birth of his first child established the bona fides of his marriage. Because we can only review the decision of the District Court, and because Eneanya raised no challenge to the District Court's decision, he has waived it for purposes of this appeal.

The order of the District Court will be affirmed.